UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRYAN R. BOWDEN,**<br><br>                              Plaintiff,<br><br>     -vs-<br><br>**ASSOCIATED CREDITORS EXCHANGE, INC.**<br><br>                         Defendant. | *Civil Action No. 10-CV-6152* |

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  Plaintiff Bryan R. Bowden brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2.  This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3.  Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4.  Plaintiff Bryan R. Bowden is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  Defendant Associated Creditors Exchange, Inc., (hereinafter "ACE") is a foreign business corporation organized and existing under the laws of the State of Arizona and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.  Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7.  Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Bryan R. Bowden incurred and later allegedly defaulted on a credit card debt to US Bank.  Said debt and the alleged balance will hereinafter be referred to as "the subject debt."

9. That the subject debt, while possibly labeled as a "business" account, was primarily used by Plaintiff Bowden for personal, family and/or household purposes, as thus is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. That upon information and belief, US Bank, or an assignee of US Bank, thereafter employed Defendant ACE following Plaintiff Bowden's alleged default to attempt to collect payment.

11. That on or about January 8, 2010, Plaintiff Bowden received a telephone message from a representative for Defendant ACE who identified himself as "Glenn Facet," *(proper spelling unknown)*. During the course of the aforementioned message, Mr. Facet stated:

   a. "I am with Associated Creditor's Exchange…We represent US Bank, they've retained us…to proceed against you in the State of New York,"

   b. That Defendant needed to hear back from Plaintiff or his "representation or counsel,"

   c. "If I don't hear back from you, then, all I can say is 'good luck'— it's not necessary to return the call," and

   d. "Keep in mind if I do not hear back from you then I must proceed on the account."

12. That Plaintiff Bowden understood Defendant's various statements to mean that he would be sued by Defendant ACE if he did not return Mr. Facet's telephone call.

13. That despite Mr. Facet's representations, it is believed that Defendant had not been retained to proceed with legal action against Plaintiff Bowden for non-payment of the subject debt, nor did Defendant ACE have the intent or authority to engage in such activity.

14. That on or about January 20, 2010, Mr. Facet once again called and left a message for Plaintiff Bowden.  During the course of said message, Mr. Facet stated:

   a. That Defendant ACE was "legal assignee for 'Elan Financial, US Bank,'"

   b. That he "need[ed]" to speak with Plaintiff Bowden "today,"

   c. That if Mr. Facet did not hear back from Plaintiff that same day, he would have to proceed "according to what [his] client has retained [Defendant ACE] for."

15. That Mr. Facet's aforementioned statements were deceiving, false and threatening in that they misled Plaintiff Bowden to believe that Defendant ACE was both a "legal assignee for 'Elan Financial, US Bank'" and a law firm retained to proceed with litigation against Plaintiff, and that Plaintiff needed to return the telephone call "today" to avoid legal action.

16. That on or about January 22, 2010, Plaintiff Bowden mailed Defendant ACE a letter disputing the subject debt and requesting that Defendant "cease and desist from all collection activities" until validated.

17. That despite receipt of this letter, Defendant ACE continued to contact Plaintiff Bowden to attempt to solicit payment of the debt.

18. That on or about January 26, 2010, Mr. Facet called Plaintiff Bowden at his place of employment.  Upon being informed of Defendant's identity, Plaintiff immediately explained that he was not authorized to receive personal calls at work and requested that Defendant instead call him at home.  Rather than concluding the call, Mr. Facet instead proceeded to state that US Bank had requested Defendant ACE to "proceed against [Plaintiff Bowden]," explaining that this meant "suit in the State of New York."  Mr. Facet then stated that he could however "offer out of court settlements."

19. That upon hearing Mr. Facet's statements, described in Paragraph 16 above, Plaintiff Bowden asked whether a lawsuit was in fact being filed.  At that time, Defendant stated that Associated Creditors Exchange had been "retained" to sue Plaintiff Bowden, and that they would "proceed" against him in the State of New York to collect payment "involuntarily."

20. That despite the various representations of Mr. Facet, described in Paragraphs 16 and 17 above, Defendant ACE did not have the intent or authority to pursue legal action against Plaintiff Bowden for non-payment.  Instead it is believed that said representations were made with the sole intention of frightening Plaintiff Bowden into making payment towards the subject debt.

21. That on or about January 27, 2010, Mr. Facet once again called and left a message for Plaintiff Bowden.  The aforesaid message of Defendant provided:

    a. "You know what?  Don't even bother calling,"

    b. "Have your attorney—if you don't have an attorney, make sure you get one—okay?  That's my promise to you,"

    c. "I gave you an opportunity to step up to the plate yesterday, and you chose not to,"

    d. "You're what is called 'a runner,'

    e. "So, make sure you have…you're attorney…call my office.  I'll be here all day until 5 o'clock,"  and

    f. "Pass my name and number on.  Oh—if you didn't bother to write the number down yesterday, then I guess you don't even have an opportunity there.  Hey—good luck, bro!"

22. That despite Defendant's aforesaid representations, no lawsuit was intended to be filed, nor did Mr. Facet have any authority to "promise" Plaintiff Bowden that he would be sued and therefore need to retain an attorney to defend a lawsuit to recover the subject debt by Defendant Associated Creditors Exchange.

23. That among other things, Plaintiff Bowden believed that he was going to be sued by Defendant ACE and that because he was being called a "runner," that somehow this meant that he was being considered a criminal.

24. That Plaintiff Bowden thereafter received a letter from Defendant ACE dated February 2, 2010. Said letter finally acknowledged Plaintiff Bowden's earlier written dispute letter and stated that Associated Creditors Exchange would suspend its collection activity and contact its client.

25. That on or about March 10, 2010, Defendant ACE again called Plaintiff Bowden by telephone, leaving yet another message regarding the subject debt. Said message was from a female representative for Defendant who identified herself as, "Ms. Ackerman," *(proper spelling unknown)*. Ms. Ackerman's message stated:

   a. She was calling from the "legal department of Associated Creditors Exchange, the 'asset and liability' department,"

   b. She needed Plaintiff Bowden to contact her office "immediately,"

   c. Defendant had received Plaintiff's dispute letter and she was calling to inform Plaintiff, "Yeah, you are liable," and

   d. "Ahh, I suggest if you want to avoid legal action you contact my office immediately."

26. That despite Ms. Ackerman's aforementioned representations, she was not calling from Defendant's "legal" or "asset and liability" department, nor did she need to receive a call "immediately" in order to "avoid legal action."

27. That on or about April 9, 2010, Defendant ACE again called and left a message for Plaintiff Bowden on his telephone. Said message provided:

   a. "Hey, I was wondering if--could I get like $6,730.00 worth of uh, uh work done on my vehicle and then just not pay you? Because, that's what you're doing."

   b. "So, I have been instructed though to offer you an out-of-court settlement, so I am going to extend that offer to you as a mediator for the bank."

   c. "You can give me this case number now, it's: 0705622."

    d. "Ah, I won't call you're other number cause I don't believe it's an emergency and I don't believe you'd even all me back today anyways…I mean, you're a runner." And

    e. "So, I will offer that out of court settlement to you, per instructions per my client. My toll-free number—oh hey, I'll even pay for the call!  1-800-280-3800, extension number 2203.  Good luck to you, Brian."

28. That despite the aforementioned representations of Mr. Facet, Defendant ACE had not filed a lawsuit against Plaintiff Bowden, was not in possession of a lawsuit "case number," and was not serving as a "mediator for the bank."

29. That at no time during any of the aforementioned spoken communications did Defendant ACE provide Plaintiff Bowden with the various disclosures required by 15 U.S.C. §1692e(11).

30. That upon hearing all of the Defendant's aforementioned statements, Plaintiff Bowden became very worried, upset, anxious, nervous, frightened, concerned, angered and otherwise suffered from emotional distress.

## CAUSE OF ACTION

31. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

32. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by using language the natural consequence of which was to abuse Plaintiff Bowden, by telling him:

    a. "I am with Associated Creditor's Exchange…We represent US Bank, they've retained us…to proceed against you in the State of New York,"

    b. That Defendant needed to hear back from Plaintiff or his "representation or counsel,"

    c. "If I don't hear back from you, then, all I can say is 'good luck'— it's not necessary to return the call,"

    d. "Keep in mind if I do not hear back from you then I must proceed on the account,"

    e. That he "need[ed]" to speak with Plaintiff Bowden "today,"

    f. That if Mr. Facet did not hear back from Plaintiff that same day, he would have to proceed "according to what [his] client has retained [Defendant ACE] for,"

    g. That US Bank had requested Defendant ACE to "proceed against [Plaintiff Bowden]," explaining that this meant "suit in the State of New York,"

    h. That Defendant could "offer out of court settlements,"

i.  That Associated Creditors Exchange had been "retained" to sue Plaintiff, and that Defendant would "proceed" against him in the State of New York to collect payment "involuntarily,"

j.  "You know what?  Don't even bother calling,"

k.  "Have your attorney—if you don't have an attorney, make sure you get one—okay? That's my promise to you,"

l.  "I gave you an opportunity to step up to the plate yesterday, and you chose not to,"

m.  "You're what is called 'a runner,'

n.  "So, make sure you have…you're attorney…call my office.  I'll be here all day until 5 o'clock,"

o.  "Pass my name and number on.  Oh—if you didn't bother to write the number down yesterday, then I guess you don't even have an opportunity there.  Hey—good luck, bro!"

p.  "I'm calling from the legal department of Associated Creditors Exchange, the 'asset and liability' department,"

q.  That Defendant needed Plaintiff Bowden to contact her office "immediately,"

r.  "Yeah, you are liable,"

s.   "Ahh, I suggest if you want to avoid legal action you contact my office immediately."

t.  "Hey, I was wondering if--could I get like $6,730.00 worth of uh, uh work done on my vehicle and then just not pay you? Because, that's what you're doing."

u.  "So, I have been instructed though to offer you an out-of-court settlement, so I am going to extend that offer to you as a mediator for the bank."

v.  "You can give me this case number now, it's: 0705622."

w.  "Ah, I won't call you're other number cause I don't believe it's an emergency and I don't believe you'd even all me back today anyways…I mean, you're a runner." And

x.  "So, I will offer that out of court settlement to you, per instructions per my client. My toll-free number—oh hey, I'll even pay for the call!  1-800-280-3800, extension number 2203.  Good luck to you, Brian."

33. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(2)(B), 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(7), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by telling Plaintiff Bowden:

a. "…We represent US Bank, they've retained us…to proceed against you in the State of New York,"

b. "Keep in mind if I do not hear back from you then I must proceed on the account,"

c. That Defendant ACE was "legal assignee for 'Elan Financial, US Bank,'"

d. That Defendant "need[ed]" to speak with Plaintiff Bowden "today,"

e. That if Mr. Facet did not hear back from Plaintiff that same day, he would have to proceed "according to what [his] client has retained [Defendant ACE] for,"

f. That US Bank had requested Defendant ACE to "proceed against [Plaintiff Bowden]," explaining that this meant "suit in the State of New York,"

g. That Defendant could "offer out of court settlements,"

h. That Associated Creditors Exchange had been "retained" to sue Plaintiff, and that Defendant would "proceed" against him in the State of New York to collect payment "involuntarily,"

i. "I'm calling from the legal department of Associated Creditors Exchange, the 'asset and liability' department,"

j. That Defendant needed Plaintiff Bowden to contact her office "immediately,"

k. "Yeah, you are liable,"

l. "Ahh, I suggest if you want to avoid legal action you contact my office immediately."

m. "So, I have been instructed though to offer you an out-of-court settlement, so I am going to extend that offer to you as a mediator for the bank."

n. "You can give me this case number now, it's: 0705622." And

o. "So, I will offer that out of court settlement to you, per instructions per my client."

34. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to notify Plaintiff Bowden during every communication that Defendant was a debt collector attempting to collect a debt and any information obtained would be used for that purpose.

35. That upon hearing all of the Defendant's aforementioned representations and threats, Plaintiff Bowden became very worried, upset, anxious, nervous, frightened, concerned, angered and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bryan R. Bowden respectfully requests that this honorable Court enter judgment against Defendant Associated Creditors Exchange, Inc. for:

    (a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

    (b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    (c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

    (d) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

    Please take notice that Plaintiff Bowden demands a trial by jury in this action.

Date: May 12, 2010

/s/Frank J. Borgese
**Frank J. Borgese, Esq.**
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520