UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYAN R. BOWDEN,

                         Plaintiff,

        v.                                                    Civil Action No.: 10-CV-6152

ASSOCIATED CREDITORS EXCHANGE, INC.,

                         Defendant.

## DEFENDANT' S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Associated Creditors Exchange, Inc. ("Associated Creditors" and/or Defendant), by its attorneys, Hodgson Russ LLP, answers the Amended Complaint (the "Complaint") of Plaintiff Bryan R. Bowden ("Plaintiff" and/or "Bowden") as follows.

1.      The allegation set forth in Paragraph 1 of Plaintiff's Complaint are conclusions of law and require no answer from Defendant.  To the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 1 of Plaintiff's Complaint.

2.      The allegation set forth in Paragraph 2 of Plaintiff's Complaint are conclusions of law and require no answer from Defendant.  To the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 2 of Plaintiff's Complaint.

3.      Admits that venue exists under 28 U.S.C. § 1391 (b), and denies each and every remaining allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

5.      Admits that it is a business corporation organized and existing under the laws of the State of Arizona.  The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are conclusions of law and require no answer from the Defendant.  To the extent an answer is required, Defendant denies each and every remaining allegation contained in Paragraph 5 of Plaintiff's Complaint.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are conclusions of law and require no answer from the Defendant.  To the extent an answer is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are conclusions of law and require no answer from Defendant.  To the extent an answer is required, Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

9.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

10.     Denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (d) thereof, and therefore denies each and every allegation contained therein.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

13.     Denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (c) thereof, and therefore denies each and every allegation contained therein.

15.     Denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

17.     Denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

19.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

20.      Denies each and every allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (f) thereof, and therefore denies each and every allegation contained therein.

22.     Admits the Defendant has not filed suit against the Plaintiff.  Denies each and every remaining allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

24.     Admits that the Defendant sent a letter to Plaintiff dated February 3, 2010, which speaks for itself.  Denies each and every remaining allegation contained in Paragraph 24 of Plaintiff's Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (d) thereof, and therefore denies each and every allegation contained therein.

26.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

27.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (e) thereof, and therefore denies each and every allegation contained therein.

28.     Admits that Defendant has not filed a lawsuit against Plaintiff, and denies each and every remaining allegation contained in Paragraph 28 of Plaintiff's Complaint.

29.     Denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

31.     Denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

32.     Denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (x) thereof.

33.      Denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint, including, but not limited to, subparagraphs (a) through (o) thereof.

34.     Denies each and every allegation contained in Paragraph 34 of Plaintiff's Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Complaint, and therefore denies each and every allegation contained therein.

## FIRST DEFENSE

36.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

37.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

38.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH DEFENSE

39.     This Court lacks personal jurisdiction over Defendant.

## FIFTH DEFENSE

40.     This court lacks subject matter jurisdiction because Plaintiff's debt was not a transaction, the subject of which was providing for personal, family or household purposes as required by 15 U.S.C. § 1692a.

## SIXTH DEFENSE

41.     At all pertinent times, Defendant acted in compliance with all applicable laws, regulations, and statutes.

## SEVENTH DEFENSE

42.     Plaintiff lacks standing to sue and, therefore, the claim should be dismissed.

## EIGHTH DEFENSE

43.     Plaintiff's claims are barred by the doctrine of estoppel.

## NINTH DEFENSE

44.     Plaintiff's claims are barred by the doctrine of waiver.

**TENTH DEFENSE**

45.     Plaintiff is precluded from recovering against the Defendant because his Complaint is based on errors of fact and/or law.

**ELEVENTH DEFENSE**

46.     If Plaintiff is able to demonstrate that he has been damaged, such damages are the result of actions or omissions of persons other than Defendant, for whom and for which Defendant is not responsible.

**TWELFTH DEFENSE**

47.     Defendant reserves its right to amend this Answer and to raise any additional defenses that become apparent in this matter.

WHEREFORE, Defendant respectfully request that this Court enter judgment:

a.  dismissing Plaintiff's Amended Complaint with prejudice; and

b.  granting Defendant such other and further relief as this Court deems just and proper.

Dated:        Buffalo, New York
                June 16, 1010

**HODGSON RUSS LLP**
**Attorneys for Associated Creditors Exchange, Inc.**


By:      s/Jonathan A. Mugel
          Jonathan A. Mugel
          Pamela S. Schaller
    140 Pearl Street, Suite 100
    Buffalo, New York  14202-4040
    Telephone:  716-856-4000


TO:       Frank J. Borgese, Esq.
           Graham Law, P.C.
           1207 Delaware Ave., Suite 202
           Buffalo, New York  14209
           Telephone:  716-200-1520

000160/01302 Administrative 7005289v1